**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

In Re: Cameron                          :         Docket No. 3:22-cv-1216
          *Plaintiff*.                        :
                                        :
                                        :
                                        :
                                        :
                                        :         May 17, 2023

**<u>ORDER OF DISMISSAL</u>**

On May 4, 2022, Norman George Cameron (the plaintiff) filed a petition entitled, "Actual and Constructive Notice To Take Cognizance of Affidavit of Fact and Truth Power of Attorney."  ECF No. 1.  On June 27, 2022, the court (*Hon. Alfred V. Covello, J.*) dismissed Plaintiff's petition because the case incorrectly had been opened as a miscellaneous (rather than as a civil) matter.  ECF No. 28.  The court informed Plaintiff that "if Cameron seeks to commence a civil action, he must file a civil complaint and pay the appropriate filing fee of $402.00."  *Id.*  Thereafter, Plaintiff filed what appears to be a motion for reconsideration, noting, "[T]he court has erred and has mis-interpreted my petition" in that Plaintiff intended it to be an "administrative (non-adversarial) determination of My status to the 'People' . . . ."  ECF No. 9 at 9.  Plaintiff then filed a demand that the court provide proof that Plaintiff's action is adversarial.  ECF No. 10.  One month after that, Plaintiff filed a motion for reconsideration, which again argues that the court erred in requiring this case to proceed as a civil action.  *See* ECF No. 11 at 12.  Thereafter, the case was transferred to the undersigned, ECF No. 13, and Plaintiff filed a motion for leave to proceed in forma pauperis, ECF No. 16.  The court hereby denies each of Plaintiff's motions, and this action hereby is dismissed as frivolous.

1

I.    **Motions for Reconsideration**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).  "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Plaintiff argues that because his action is not adversarial, he may proceed on his Petition as a miscellaneous action subject to the $49 filing fee, as opposed to a civil action, which requires a $402 filing fee.  ECF No. 11 at 12.  Plaintiff also objects to the court's dismissal order insofar as it characterized Plaintiff's petition as a "a refiling by Cameron of an action that was previously dismissed by this court[.]"  *Id.*  Plaintiff contends that "NONE of the petition in this case is a 'REFILLING' of any previous dismissed case filed in this court."  *Id.*  The previous dismissal order references another action filed by Plaintiff that itself was dismissed, *In Re: Cameron*, No. 21-mc-101 (D. Conn. Dec. 10, 2021).  That prior case was initiated via a petition entitled, "NOTICE OF DEFAULT NOTIFICATION OF FINAL DETERMINATION & JUDGMENT."  In contrast, the present petition is unrelated to any default judgments and instead aims to declare Plaintiff's rights as a "FREEMAN" by citing to the United Nations Declaration on the Rights of Indigenous Peoples.  ECF No. 11 at 12.  Still, the court did not commit any error when it required Plaintiff to initiate this action as a civil matter rather than as a miscellaneous case.

Rule 2 of the Federal Rules of Civil Procedure states that "[t]here is one form of action - the civil action." *See also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").  The District Clerks' Manual, published by the Administrative Office of the United States Courts, states that miscellaneous cases "are assigned to a variety of matters filed with the court which are not properly considered civil or criminal cases." § 4.03(a)(1).  Specifically, a miscellaneous action is used for "administrative matters that require resolution through the judicial system," such as ancillary and supplementary proceedings, foreign subpoenas, registration of judgments, motions to quash, motions for a protective order, and other enumerated categories.  *Id.*

Here, the petition states in its heading, "GRANT OF EXCLUSIVE POWER OF ATTORNEY TO CONDUCT ALL TAX, BUSINESS AND LEGAL AFFAIRS OF EXPRESS TRUSTS GRANTOR INDEMNITY AGREEMENT 'NON-NEGOTIABLE' NOTICE OF PERFORMANCE BOUND ACKNOWLEDGMENT."  ECF No. 1.  Plaintiff's petition (and any request for relief therein) largely is indecipherable, though it is possible that Plaintiff attempts to claim that laws do not apply to him.  *Id.* ¶ 4 ("Norman George Cameron is independent of all laws except those prescribed by nature").  Plaintiff also apparently wishes to designate himself as having a power of attorney to act on behalf of himself.  *Id.* ¶ 2 ("I, Norman George Cameron . . . do hereby appoint, Norman George Cameron , . . . as my Private attorney in fact, to take exclusive charge of, manage, and conduct all of my Estate, tax, business and legal affairs. . . .").  The designation of a power of attorney is not a case which is ancillary to another proceeding, nor does the petition fall within any enumerated category in the Clerks' Manual.  Moreover, Plaintiff has not demonstrated that his attempted power of attorney designation is an administrative matter that

"require[s] resolution through the judicial system."  District Clerks' Manual,  § 4.03(a)(1).

Thus, without fulfilling the requirements for a miscellaneous case, the court properly

dismissed Plaintiff's petition subject to the filing of a civil case (together with the $402.00

in associated fees).  Accordingly, Plaintiff's motions for reconsideration at ECF Nos. 9,

10, and 11, hereby are **DENIED.**

## II.    Motion to Proceed *In Forma Pauperis*

Plaintiff also has filed a motion for leave to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915.  ECF No. 16.  Section 1915 requires the court to conduct an initial

screening of complaints filed by civil litigants who seek to proceed *in forma pauperis*, and

to dismiss any such complaints that (i) are frivolous or malicious; (ii) fail to state a claim

upon which relief may be granted; or (iii) seek monetary relief against a defendant who is

immune from such relief.  *Id.* at § 1915(e)(2)(B)(i)–(iii).

Plaintiff's submissions and the allegations contained therein are characteristic of

claims by "sovereign citizens."   For example, Plaintiff refers to himself via a

"business/legal name," Pet. ¶ 4 n.1,  and claims that "he is not bound by any institution

formed by his fellow men without his consent."   The Second Circuit has described

sovereign citizens as "a loosely affiliated group who believe that the state and federal

governments lack constitutional legitimacy and therefore have no authority to regulate

their behavior."  *United States v. Ulloa*, 511 F. App'x 105, 107 (2d Cir. 2013).  "Federal

courts across the country . . . have routinely refused to credit arguments based on a

redemption, sovereign citizen, or other similar theory because the arguments are often

frivolous, irrational and unintelligible"  *Tyson v. Clifford*, No. 3:18CV1600(JCH), 2018 WL

6727538, at *3 (D. Conn. Dec. 21, 2018) (citing cases).   Here, Plaintiff's filings are unintelligible.   The attempt to grant himself a power of attorney on behalf of himself is meaningless and lacks any legal support whatsoever.   Plaintiff's subsequent filings invoke international treaties, ECF No. 10, attempt to enter into contracts with the undersigned and with Governor Ned Lamont, ECF No. 16, and repeatedly cite to religious text.   ECF Nos. 1; ECF No. 11.   Plaintiff has misused the court's limited judicial resources, and the frivolity of his actions are apparent on the face each document filed with this court. Accordingly, the motion for leave to proceed *in forma pauperis* hereby is denied, and the petition hereby is dismissed. The Clerk of Court kindly is instructed to please return all future filings from Plaintiff in this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 17th day of May, 2023.

_____/s/_____
OMAR A. WILLIAMS
United States District Judge